UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| TALEK SHERMAN, | § § | |
| v. | § § § | CIVIL ACTION NO. 4:14-CV-583-O |
| DENISE ALLISON, ET AL. | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION REGARDING DISMISSING CLAIMS PURSUANT TO SCREENING PROVISIONS OF 28 U.S.C. § 1915(e)

On July 28, 2014, *pro-se* plaintiff Talek Sherman ("Sherman") filed a Complaint, claiming that he, in essence, was refused service on April 7, 2014 because of his age, race, and disabled status by Defendant Denise Allison, an employee at Defendant BBVA Compass Bank in Arlington, Texas. Sherman claims that he was hurt and mentally disturbed by such discrimination.[1] On the same day, Sherman filed a Motion for Leave to Proceed In Forma Pauperis, which was granted by the Court on July 28, 2014.

Section 1915 of Title 28 of the United States Code sets forth provisions for claimants proceeding in forma pauperis ("IFP"). Pursuant to 28 U.S.C. § 1915(e)(2), the Court shall, *sua sponte*, dismiss a case proceeding IFP if the court determines that it is frivolous or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous if it "lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief can be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief." *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 556 (2007) (internal quotations omitted). This requirement demands "more than labels and conclusions, [or]

---

[1] In his Complaint, Sherman states that, the same day he was refused service, he went to another branch location of BBVA Compass bank located in Mansfield, Texas and was able to open a new account.

a formulaic recitation of the elements of a cause of action." *Id.* A complaint must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (quoting *Bell Atl. Corp.*, 550 U.S. at 555)).

In his Complaint, Sherman does not set forth any specific causes of action. However, a liberal reading of his Complaint indicates that he appears to be alleging a cause of action, pursuant to 42 U.S.C. § 1983, that his constitutional rights were violated because he was discriminated against by a private bank and a bank employee due to his age (30 years old), race, and mentally-disabled status. Specifically, it appears Sherman is arguing that his rights, pursuant to the Equal Protection Clause of the Fourteenth Amendment to be treated the same as other similarly-situated persons, were violated. *See Brennan v. Stewart*, 834 F.2d 1248, 1257 (5th Cir. 1988) ("The Equal Protection Clause is essentially a direction that all persons similarly situated should be treated alike.") (internal quotations omitted); *Marcotte v. Deckard*, No. 2:03-CV-0032, 2005 WL 2291921, at *2 (N.D. Tex. Sept. 16, 2005). In addition, it can be argued that Sherman was attempting to allege a cause of action for violating 42 U.S.C. § 2000a, which "prohibits even private discrimination on the grounds of race, color, or religion in places of public accommodations." *Bass v. Parkwood Hosp.*, 180 F.3d 234, 244 (5th Cir. 1999).

"To state a section 1983 claim, a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States *and* (2) demonstrate that the alleged deprivation was committed by *a person acting under color of state law*." *James v. Tex. Collin Cnty.*, 535 F.3d 365, 373 (5th Cir. 2008) (internal quotations omitted) (emphasis added).[2] Action taken under color of state law for purposes of Section 1983 requires a defendant's use of power

---

[2] To state a claim under section 1983, a plaintiff must allege a violation of a constitutional right by one or more state actors, which may include a private citizen who acted together with a state official or has obtained significant aid from state officials or whose conduct is otherwise chargeable to the State. *See Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922 (1982).

"possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law" and when the defendant is engaged in the "performance of official duties." *United States v. Causey,* 185 F.3d 407, 414, 415 (5th Cir. 1999); *accord Bryant v. Military Dep't of Miss.,* 597 F.3d 678, 687 (5th Cir. 2010); *Townsend v. Moya,* 291 F.3d 859, 861 (5th Cir. 2002); *see also Brennan v. Stewart,* 834 F.2d 1248, 1257 (5th Cir. 1988) (A violation of the Fourteenth Amendment right to equal protection "occurs only when the *government* treats someone differently than others similarly situated.") (emphasis added). "[F]or a plaintiff to state a viable claim under § 1983 against any private defendant, . . . the conduct of the private defendant that forms the basis of the claimed constitutional deprivation must constitute state action under color of law." *Morris v. Dillard Dep't Stores, Inc.,* 277 F.3d 743, 747 (5th Cir.2001) (citing *Lugar,* 457 U.S. at 924). A private actor is subject to constitutional liability only when "such a close nexus between the State and the challenged action exists that seemingly private behavior may be fairly treated as that of the State itself." *Id.* at 747–48 (internal quotations omitted) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n,* 531 U.S. 288, 295 (2001)).

"In a case such as this, where the defendants are unquestionably private entities, two avenues exist by which state action may be found." *Wong v. Stripling,* 881 F.3d 200, 202 (5th Cir. 1989). "A private entity may be deemed a state actor when that entity performs a function which is traditionally the exclusive province of the state." *Id.* "Alternatively, state action may be found where there is a nexus between the state and the action of the private defendant such that the action is fairly attributable to the state." *Id.* "Under this test, a finding of state action is justified "only where it can be said that the state is responsible for the specific conduct of which the plaintiff complains." *Id.* (internal quotations omitted). Moreover, "[t]o state a claim under

3

the Equal Protection Clause, a section 1983 plaintiff must allege that a state actor intentionally discriminated against the plaintiff because of membership in a protected class or due to an irrational or arbitrary state classification unrelated to a legitimate state objective.). *Marcotte*, 2005 WL 2291921, at *2.

After reviewing Sherman's Complaint, the Court concludes that Sherman's claims fail to state a claim on which relief may be granted based upon the Equal Protection Clause. *See* 28 U.S.C. 1915(e)(2)(B)(ii). To begin with, Sherman asserts no claims for violations of his constitutional rights against any individual state officials acting in any capacity. As set forth above, because the defendants are private persons or business entities, they are not state actors. Moreover, Sherman has failed to make any allegations that Defendants' actions were "fairly attributable to the State." *West v. Atkins,* 487 U.S. 42, 49 (1988) (internal quotations omitted). There is no allegation of coercion through state power or significant encouragement by the State sufficient to deem the private defendants' actions to have been that of the State. Thus, Sherman's Section 1983 claims against Defendants have no basis in federal law, and the Court recommends his claims be dismissed for failure to state a cognizable claim.

Moreover, as to Sherman's alleged claim pursuant to 42 U.S.C. § 2000a, this section states that "[a]ll persons shall be entitled to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation, as defined in this section, without discrimination or segregation on the ground of race, color, religion, or national origin." 42 U.S.C. § 2000a(a). "Unlike many other civil rights statutes, however, 42 U.S.C. § 2000a . . . allows only for prospective relief and does not authorize damage awards." *Bass*, 180 F.3d at 244 (citing 42 U.S.C. § 2000a-3.) Because Sherman alleges that, after the discriminatory conduct, he returned a short time later to a different branch of the same

bank and successfully opened an account, there is no allegation suggesting that Sherman is likely to again suffer from Defendants' allegedly discriminatory actions, and he has not requested injunctive relief. *See Bass*, 180 F.3d at 244; *Lawrence v. Lewandowski*, No. 08-C-108, 2009 WL 2950611, at *4 (E.D. Wis. Sept. 9, 2009). Consequently, Sherman has failed to state a claim pursuant to 42 U.S.C. § 2000a that would entitle him to relief. *See Govea v. AFT*, 207 F. App'x 369, 372 (5th Cir. 2006).

## RECOMMENDATION

It is recommended that, pursuant to 28 U.S.C. § 1915(e), the above-styled and numbered cause be dismissed as Sherman, in his complaint, has failed to state a claim upon which relief can be granted.

## NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions and recommendation within fourteen (14) days after the party has been served with a copy of this document. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(b)(1). Failure to file, by the date stated above, a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

## ORDER

Under 28 U.S.C. § 636, it is hereby **ORDERED** that each party is granted until **June 2, 2015** to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions and recommendation. It is further **ORDERED** that if objections are filed and the opposing party chooses to file a response, the response shall be filed within seven (7) days of the filing date of the objections.

It is further **ORDERED** that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED May 19, 2015.

JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE

JLC/knv